## INDEX OF MATTERS BEING FILED PURSUANT TO LR81(5)

LR81(4) - The docket sheet is attached hereto.

LR81(1) - All executed process in the case are attached hereto.

LR81(2) - All pleadings asserting causes of action are attached hereto.

LR81(3) - As of this date, there are no orders signed by the state judge.

LR81(6) - The following is a list of all counsel of record, including addresses, telephone numbers and parties represented:

William M. Walls, Esq.
State Bar No. 20795100
SD TX Federal Id. No. 96287
williammwall@gmail.com
2927 Broadway
Houston, Texas 77017
Telephone:     (281) 772-8068
Plaintiff *pro se*

Nicholas J. Enoch, Esq.
State Bar No. 24042618
SD TX Federal Id. No. 38244
nick@lubinandenoch.com
Clara S. Bustamante, Esq.
State Bar No. 24115993
SD TX Federal Id. No. 3735956
clara@lubinandenoch.com
LUBIN & ENOCH, P.C.
221 North Kansas Street, Ste. 700
El Paso, Texas 79901
Telephone:     (915) 585-8008
Facsimile:     (602) 626-3586
ATTORNEYS FOR DEFENDANTS CO-DEFENDANTS MARCUS, MCCULLOUGH, THE PLAN AND THE UNION

**HCDistrictclerk.com**       WALLS, WILLIAM M vs. MARCUS, DONALD       6/17/2024
Cause: 202432795       CDI: 7       Court: 333

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 6/12/2024 | NOTICE APPEARANCE | | | 0 | | ENOCH, NICHOLAS JASON | MASTERS MATES AND PILOTS AFL/CIO DISTRICT |
| 6/12/2024 | NOTICE APPEARANCE | | | 0 | | ENOCH, NICHOLAS JASON | MARCUS, DONALD |
| 6/12/2024 | NOTICE APPEARANCE | | | 0 | | ENOCH, NICHOLAS JASON | INTERNATIONAL ORGANIZATIONS OF MASTERS MATES & PILOTS AFL/CIO |
| 6/12/2024 | NOTICE APPEARANCE | | | 0 | | ENOCH, NICHOLAS JASON | MCCULLOUGH, PATRICK |
| 6/3/2024 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | WALLS, WILLIAM M. | WALLS, WILLIAM M |
| 5/23/2024 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 5/23/2024 | ORIGINAL PETITION | | | 0 | | WALLS, WILLIAM M. | WALLS, WILLIAM M |

**HCDistrictclerk.com**          WALLS, WILLIAM M vs. MARCUS, DONALD                    6/17/2024
                            Cause: 202432795        CDI: 7        Court: 333

## NOTICES

No Notices found.

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|-----------|
| CITATION (CERTIFIED) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | MARCUS, DONALD | 5/23/2024 | 5/23/2024 | 5/30/2024 | | | 74327841 | CVC/CTM SVCE BY CERTIFIED MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION (CERTIFIED) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | MCCULLOUGH, PATRICK | 5/23/2024 | 5/23/2024 | 5/30/2024 | | | 74327842 | CVC/CTM SVCE BY CERTIFIED MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION (CERTIFIED) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | MASTERS MATES & PILOTS PENSION PLAN | 5/23/2024 | 5/23/2024 | 5/30/2024 | | | 74327853 | CVC/CTM SVCE BY CERTIFIED MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | HANLEY, EDWARD | 5/23/2024 | 5/23/2024 | | | | 74327890 | E-MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | TURNER, LARS | 5/23/2024 | 5/23/2024 | | | | 74327891 | E-MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MA 21090 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | PUTTY, DAVID | 5/23/2024 | 5/23/2024 | | | | 74327892 | E-MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | DRISCOLL, DANIEL | 5/23/2024 | 5/23/2024 | | | | 74327893 | E-MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | FARRAR, BORIANA | 5/23/2024 | 5/23/2024 | | | | 74327894 | E-MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | CAMERON, WILLIAM | 5/23/2024 | 5/23/2024 | | | | 74327895 | E-MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | FARTHING, WAYNE | 5/23/2024 | 5/23/2024 | | | | 74327896 | E-MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | WASHBURN, EDWARD | 5/23/2024 | 5/23/2024 | | | | 74327897 | E-MAIL |
| | | | 700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF | ORIGINAL PETITION | JOSBERGER, DONALD | 5/23/2024 | 5/23/2024 | | | | 74327898 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | DRAGONE, JOHN | 5/23/2024 | 5/23/2024 | 74327899 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | WERSE, STEVEN | 5/23/2024 | 5/23/2024 | 74327900 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MA 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | HERRINGTON, JOAN | 5/23/2024 | 5/23/2024 | 74327901 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | MORGAN, EDWARD | 5/23/2024 | 5/23/2024 | 74327902 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | GILL, TIMOTHY | 5/23/2024 | 5/23/2024 | 74327903 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | BLANKENSHIP, MARK | 5/23/2024 | 5/23/2024 | 74327904 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | SULLIVAN, JOHN | 5/23/2024 | 5/23/2024 | 74327905 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | STEVENS, ROBERT | 5/23/2024 | 5/23/2024 | 74327906 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | BOARD OF TRUSTEES OF MASTERS MATES & PILOTS PENSION | 5/23/2024 | 5/23/2024 | 74327907 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | HOPE, JEREMY | 5/23/2024 | 5/23/2024 | 74327908 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | INTERNATIONAL ORGANIZATIONS OF MASTERS MATES & PILOTS AFL/CIO | 5/23/2024 | 5/23/2024 | 74327910 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | MCCULLOUGH, PATRICK | 6/3/2024 | 6/5/2024 | 74331325 | CVC/CTM SVCE BY CERTIFIED MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | MARCUS, DONALD | 6/3/2024 | 6/5/2024 | 74331346 | E-MAIL |
|---|---|---|---|---|---|---|---|

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | CHANNEL, EDWARD | 6/3/2024 | 6/5/2024 | 74331353 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | TURNER, LARS | 6/3/2024 | 6/5/2024 | 74331354 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MA 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | PUTTY, DAVID | 6/3/2024 | 6/5/2024 | 74331357 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | DRISCOLL, DANIEL | 6/3/2024 | 6/5/2024 | 74331358 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | FARRAR, BORIANA | 6/3/2024 | 6/5/2024 | 74331359 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | CAMERON, WILLIAM | 6/3/2024 | 6/5/2024 | 74331360 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | FARTHING, WAYNE | 6/3/2024 | 6/5/2024 | 74331361 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | WASHBURN, EDWARD | 6/3/2024 | 6/5/2024 | 74331362 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | JOSBERGER, DONALD | 6/3/2024 | 6/5/2024 | 74331363 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | DRAGONE, JOHN | 6/3/2024 | 6/5/2024 | 74331390 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | WERSE, STEVEN | 6/3/2024 | 6/5/2024 | 74331395 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MA 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | HERRINGTON, JOAN | 6/3/2024 | 6/5/2024 | 74331396 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | MORGAN, EDWARD | 6/3/2024 | 6/5/2024 | 74331397 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | GILL, TIMOTHY | 6/3/2024 | 6/5/2024 | 74331402 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | BLANKENSHIP, MARK | 6/3/2024 | 6/5/2024 | 74331417 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | SULLIVAN, JOHN | 6/3/2024 | 6/5/2024 | | 74331418 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | STEVENS, ROBERT | 6/3/2024 | 6/5/2024 | | 74331419 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | HOPE, JEREMY | 6/3/2024 | 6/5/2024 | | 74331424 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | BOARD OF TRUSTEES OF MASTERS MATES & PILOTS PENSION | 6/3/2024 | 6/5/2024 | | 74331430 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | MASTERS MATES & PILOTS PENSION PLAN | 6/3/2024 | 6/5/2024 | | 74331433 | E-MAIL |

700 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | MASTERS MATES AND PILOTS AFL/CIO DISTRICT | 6/3/2024 | 6/5/2024 | | 74331439 | E-MAIL |

7006 MARITIME BLVD STE B LINTHICUM HEIGHTS MD 21090

CAUSE NO.  202432795

RECEIPT NO.  992174                    75.00      CTM
*********                    TR # 74327842

PLAINTIFF: WALLS, WILLIAM M              In The   333rd
vs.                          Judicial District Court
DEFENDANT: MARCUS, DONALD                of Harris County, Texas
333RD DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: MCCULLOUGH, PATRICK

700  MARITIME BLVD STE B   LINTHICUM HEIGHTS  MD  21090

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 23rd day of May, 2024, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
This citation was issued on 23rd day of May, 2024, under my hand and
seal of said Court.



Issued at request of:                    MARILYN BURGESS, District Clerk
WALLS, WILLIAM M                         Harris County, Texas
409  ROBMORE                             201 Caroline, Houston, Texas 77002
HOUSTON, TX  77076                       (P.O. Box 4651, Houston, Texas 77210)

Bar No.:  1                      Generated By: JACKSON, MONICA  I8V//12572181

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____        _____
ADDRESS

Service was executed in accordance with Rule 106
_____           (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                 return receipt incorporated herein and attached
hereto at

_____        _____

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following
reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                      *74327842*

JUN 1 7 2024

CAUSE NO.  202432795

RECEIPT NO.   75.00   CTM
1032895

\*\*\*\*\*\*\*\*\*

TR # 74331325

PLAINTIFF: WALLS, WILLIAM M
vs.
DEFENDANT: MARCUS, DONALD

In The   333rd
Judicial District Court
of Harris County, Texas
333RD DISTRICT COURT
Houston, TX

CITATION (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: MCCULLOUGH, PATRICK

700  MARITIME BLVD STE B   LINTHICUM HEIGHTS  MD  21090

Attached is a copy of <u>PLAINTIFFS FIRST AMENDED PETITION</u>

This instrument was filed on the <u>3rd day of June, 2024</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

This citation was issued on 5th day of June, 2024, under my hand and seal of said Court.

Issued at request of:
WALLS, WILLIAM M.
2927  BROADWAY
HOUSTON, TX  77017
Tel: (713) 649-8047
Bar No.: 20795100

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: VELA, JONATHAN 3TO//12577847

STATE OF _____

County of _____

OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____   he delivered to the within named defendants in person at the following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of

accompanying same; and further, that he is an adult and is in no manner interested in this suit and is the person competent to make oath of the fact.

_____
Affiant/Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITN.P                      *74331325*

# 2024-32795 / Court: 333

### CASE NO.

5/23/2024 1:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88071937
By: Monica Jackson
Filed: 5/23/2024 1:50 PM

WILLIAM M. WALLS                    X      IN THE DISTRICT COURT

VS.

DONALD MARCUS, PATRICK McCULLOUGH        X      OF HARRIS
COUNTY, TEXAS
EDWARD HANLEY, LARS TURNER,
DAVID PUTTY, DANIEL DRISCOLL,
BORIANA FARRAR, WILLIAM CAMERON,
WAYNE FARTHING, EDWARD WASHBURN,
DONALD JOSBERGER, JOHN DRAGONE,
STEVEN WERSE, JOAN HERRINGTON,
EDWARD MORGAN, TIMOTHY GILL,
MARK BLANKESHIP, JOHN SULLIVAN,
ROBERT STEPHENS, JEREMY HOPE,
BOARD OF TRUSTEES OF MASTERS
MATES & PILOTS PENSION, MASTERS
MATES & PILOTS PENSION PLAN and
INTERNATIONAL ORGANIZATION OF
MASTES, MATES AND PILOTS, AFL/CIO      X      ____ JUDICIAL
DISTRICT

### PLAINTIFF'S ORIGINAL PETITION

TO THE COURT:

William M. Walls, Plaintiff, files his Original Petition

complaining of Donald Marcus, Patrick McCullough, Edward

MAY 3 0 2024

Hanley, Lars Turner, David Putty, Daniel Driscoll, Boriana Farrar, William Cameron, Wayne Farthing, Edward Washburn, Donald Josberger, John Dragone, Steven Werse, Joan Herrington, Edward Morgan, Timothy Gill, Mark Blankenship, John Sullivan, Robert Stephens,

The Board of Trustees of Masters Mates & Pilots Plan, and the Masters Mates & Pilots Pension Plan, hereinafter, collectively, Defendants.

PARTIES

Plaintiff

1. Plaintiff William M. Walls resides at 409 Robmore, Houston, TX 77076 and whose phone number is 281.772.8068 and whose email address is williammwalls@gmail.com and whose last four digits if his SSN is ....2354.

Defendants

2. Defendant Masters Mates Pension Plan (hereinafter, the "Plan") is a multi-employer pension and benefit plan for retired members of the International Organization of Masters Mates & Pilots, AFL/CIO.

3. Defendant Board of Trustees is the governing body of the Plan.

4. Defendant International Organization of Masters Mates &

   Pilots AFL/CIO is a labor organization doing business in Texas.
5. Defendant Donald Marcus is the International President of

   International Organization of Masters Mates & Pilots, AFL/CIO

   and is a Trustee of the Plan.
6. Defendant Patrick McCullough is the Administrator of the

   Plan.
7. Defendant Edward Handley is a Trustee of the Plan.
8. Defendant Lars Turner is a Trustee of the Plan.
9. Defendant David Putty is a Trustee of the Plan.
10. Defendant Daniel Driscoll is a Trustee of the Plan.
11. Defendant Boriana Farrar is a Trustee of the Plan.
12. Defendant William Cameron is a Trustee of the Plan.
13. Defendant Wayne Farthing is a Trustee of the Plan.
14. Defendant Edward Washburn is a Trustee of the Plan.
15. Defendant Donald Josberger is a Trustee of the Plan.
16. Defendant John Dragone is a Trustee of the Plan.
17. Defendant Steven Werse is a Trustee of the Plan.
18. Defendant Joan Herrington is a Trustee of the Plan.
19. Defendant Edward Morgan is a Trustee of the Plan.
20. Defendant Timothy Gill is a Trustee of the Plan.
21. Defendant Mark Blankship is a Trustee of the Plan.
22. Defendant John Sullivan is a Trustee of the Plan.
23. Defendant Robert Stephens is a Trustee of the Plan.
24. Defendant Jeremy Hope is a Trustee of the Plan.

JURISDICTION

25. This Court has jurisdiction of this lawsuit under the

   Employees Retirement and Income Security Act of 1974

   (ERISA) as amended, 29 USC 1132, sections 502(a)1)(B) and

   502(s)(3) and Defendants are doing business in Texas as

defined in Texas Civil Practice and Remedies Code Section

17.041, *et seq.*

FACTUAL ALLEGATIONS

26. Plaintiff has a fully vested 10 year deferred pension of the

International Organization of Masters Mates & Pilots

("MM&P), a union representing, inter alia, seaman on ocean-

going vessels.  Plaintiff commenced receiving his pension

from MM&P in 2009 at normal retirement age and receives

$372.44 monthly in retirement benefits from the Plan. On or

about June, 2020, the Plan commenced suspending the

monthly benefits. Plaintiff commenced corresponding with

Defendant Patrick McCullough requesting that the Plan remit

Plaintiff's monthly benefit. Over the course of the next year

Plaintiff and Defendant McCullough corresponded with each

other, resulting in more that 20 letters being sent from June

, 2020 through June   2021. Defendant McCullough stated

that the monthly benefits were suspended temporarily

pursuant to M.M.&P. PENSION PLAN FOURTH RESTATED

REGULATIONS ARTICLE VI APPLICATIONS, BENEFITS AND

RETIREMENT, Section 6.06(c) which states:
Notwithstanding anything herein to the contrary and in addition to the
other requirements described herein, in order to ensure the proper
payment of benefits hereinunder and thereby provide adequate
protection to the Fund, the Trustees may require Pensioners and
Beneficiaries to certify on a periodic basis, including annually, the
receipt of benefit payments on such forms and in such manner as
prescribed by the Trustees. If a Pensioner or Beneficiary fails to return
the executed certification to the Plan Office within the time frame
prescribed by the Trustees, the Plan Office may temporarily withhold
the payment of benefits until such certification is received by the Plan
Office. Upon receipt of such certification, the Plan Office will pay to the
Pensioner or Beneficiary any benefit payments temporarily withheld.

Section 6.09(b)-(d) states:

(b) After normal retirement age
     If the Pensioner has attained Normal Retirement Age, his monthly
benefit shall be suspended for any month in which he worked or was
paid for at least 5 days in "Totally Disqualifying Employment." "Totally
Disqualifying Employment" means employment of the type described
in paragraph (s)(i) of this Section 6.09.
(c) No Suspension after Required Beginning Date
     No benefits will be suspended pursuant to this Article after a
Participant's Required Beginning Date, as defined in Section 6.07(c)(ii).
(d) Definition of Suspension
     "Suspension of Benefits: for a month means non-entitlement to
benefits for the month. If benefits were paid for a month for which
benefits were later determined to be suspendible, the overpayment
shall be recoverable through deductions from future pension
payments, pursuant to subsection (g), and in accordance with Section
6.10.

27. Defendant McCullough further stated that Plaintiff's monthly

benefits have been withheld based on Plaintiff's failure to

provide the verified form, as required by Section 6.09(e) of

the Plan Document. Section 6.09(e) of the M.M.&P. PENSION

PLAN FOURTH RESTATED REGULATIONS ARTICLE VI

APPLICATIONS, BENEFIT PAYMENTS AND RETIREMENT (Ed.

Note: as provided Plaintiff by Defendant McCullough) states:
(e) Notices
    (i) Upon commencement of pension payments, or upon a Participant's attainment of Normal Retirement Age, the Trustees shall notify the Participant of the Plan's rules governing suspension of benefits, including identity of the types of work which are considered disqualifying. Upon resumption of pension payments following suspension, new notification shall be given to the Participant if there has been any material change in the suspension rules.
    (ii) A Pensioner shall verify to the Trustee on forms provided by the Plan Office that he is not working in "Disqualifying Employment." Such verification shall be required at reasonable intervals to be determined by the Trustees. Failure to provide such verification may result in the withholding of benefits until such verification is received.
(iii) A Pensioner shall notify the Plan in writing within 15 days after starting any work of a type that is or may be "Disqualifying" under Section 6.09(a), or (b) and without regard to the number of days of such work (that is, whether or not less than 5 days in a month). If a Pensioner has worked in such employment in any month and has failed to give timely notice to the Plan of such employment, the Trustees shall presume that he worked for at least 5 days in such month any subsequent month before the Pensioner gives notice that he has ceased the employment. The Pensioner shall have the right to overcome such presumption by establishing that his work was not in fact an appropriate basis, under the Plan, for suspension of his benefits. The Trustees shall inform all Pensioners at least once every 12 months of the re-employment notification requirements and the presumptions set forth in this paragraph.
    (iv) A Pensioner whose pension has been suspended shall notify the Trustees when "Disqualifying: or "Totally Disqualifying Employment" has ended. The Trustees shall have the right to hold back benefit payments until such notice is filed with the Plan and the Pensioner has demonstrated to the Trustees' satisfaction that he is not working in "Disqualifying" or "Totally Disqualifying Employment".
    (v) A Participant may ask the Trustees whether a particular employment will be "Disqualifying" or "Totally Disqualifying." The Plan shall provide the Participant with its determination which shall be subject to review in accordance with subparagraph (f) below.
(vi) The Trustees shall inform a Participant of any suspension of his benefit by notice given by personal delivery or first class mail during the first calendar month in which his benefits are withheld. Such notice shall include a description of the specific reasons for the suspension, a description and a copy of the

relevant plan provisions, reference to the applicable regulations of the U.S. Department of Labor, a statement of the suspension and a description of the procedures with any necessary forms that must be filed before benefits can be resumed.

28. Plaintiff timely returned the Plan's form executed pursuant to Texas Civil Practice & Remedies Code Sect. 132.001. Plaintiff inquired as to the definition of "temporary" whereupon McCullough stated that the monthly benefits would be suspended indefinitely. Plaintiff traveled to the local MM&P hiring hall to have it's secretary complete the form, but was told by the secretary at the local hiring hall that she was "not a notary". Plaintiff requested the Plan to reimburse him for the services of a mobile notary, which request the Plan refused. Notwithstanding the fact that Plaintiff and Defendant McCullough had been corresponding via the U.S. Postal service, the Plan placed a notice in the MM&P periodical requesting any members with knowledge of the whereabouts of Plaintiff contact the Plan. Notwithstanding the fact that Plaintiff has maintained his address at 409 Robmore, Houston, TX 77076 since 1976, it was not until June, 2021 that the Plan have its local representative travel to Plaintiff's address. Upon notice to Defendant Marcus,

President of the I.O.M.M.&P. and chairman of the Board of

Trustees of the Plan, Marcus commenced corresponding with

Plaintiff through the USPS, emails, and telephonic

communications. Clerical assistants of the Plan also

communicated via voice messaging to Plaintiff. Over the

course of the year's-long correspondence with Defendant

McCullough, Plaintiff made various requests for information

from Defendant McCullough which were refused, or, to a

materially substantial degree, were ignored. In response to

Plaintiff's request for the names and contact information for

the Plan's trustees, Defendant McCullough tardily tendered

an incomplete or outdates list of the Plan's trustees. Plaintiff

became aware of the erroneous information supplied by

McCullough when Plaintiff started receiving correspondence

forwarded to the Trustees identified by McCullough returned

as "undeliverable".  McCullough stated that he wanted a

Zoom hearing with Plaintiff and that Plan counsel would be

attending such Zoom hearing. Plaintiff requested the he be

allowed to communicate with Defendant McCullough without

the Plan's counsel being present during the Zoom hearing,

which Defendant McCullough refused to consent to. Each Defendant trustee named herein had actual knowledge of the denial of Plaintiff's retirement benefits, with the facts of such denial being forwarded to each trustee via the USPS, certified with return receipt requested. With the sole exception of Defendant Donald Marcus, no trustee contacted Plaintiff concerning the denial of Plaintiff's retirement benefits (although, on information and belief, Trustee Jeremy Hope visited Plaintiff's residence prior to Plaintiff's Appeal). Defendant Donald Marcus, via emails, telephone communication, and written correspondence to Plaintiff, stated that Plaintiff's retirement benefits would be suspended indefinitely. Plaintiff requested the denial be set for appeal by the Board of Trustees. Plaintiff requested that he be allowed to appear via Zoom; however, Defendant McCullough refused to allow Plaintiff to appear at the appeal via Zoom without a valid driver's license confirming Plaintiff's identity. Ed.'s Note: Plaintiff's driver license is issued to Plaintiff in his step-father's name so Plaintiff was forced to appear alternatively, via voice appearance only.

Prio to the Appeal Plaintiff was not afforded the right to review pertinent documents in the possession of the Plan. The appeal was heard on July 2, 2021 and the Plan thereupon forwarded 12 months of retirement payments to Plaintiff's residence via the USPS. Following the appeal Plaintiff requested a transcript of the Appeal but was informed that not transcript was available. At no time did Plaintiff receive a written decision of the Appeal, which written decision to include specific reasons for the decision as well as specific references to the pertinent Plan provisions on which the decision is based, along with a statement that the Plaintiff is entitled to receive, upon request and free of charge, reasonable access to, and copies of all documents, records and other information relevant to the claims, nor a statement of Plaintiff's right to bring a civil action under Section 502(a ) of ERISA with a description of any voluntary appeals procedures offered by the Plan.  On or about June 2, 2023 Kenneth Ryan informed Plaintiff that the "Trustees" had mandated that no pension checks will be distributed without the Plan having receiving a Plan-issued verification. The Plan

has also stated that Plaintiff's pension payments would be
abrogated commencing May, 2024.

## Damages

29. Plaintiff has suffered, or will sustain, direct damages as a
result of the acts, omissions and/or performance of the
above-named Defendants.

## Declaratory Relief

30. Plaintiff seeks this Court declare the rights, obligations and
duties of the parties pursuant to the Plan and applicable
Federal Income Security Act (ERISA) as set out above.
Prayer          Plaintiff prays that Defendants be cited to
appear and answer herein and that after final trail Plaintiff
have such relief as requested above and for general relief.

Respectfully submitted,
/s/   William M. Walls
William M. Walls
SBN 20795100
S.D. of Tex. Fed I.D. No. 92287
2927 Broadway
Houston, TX 77017
281.772.8068
williammwall@gmail.com
Attorney pro se

6/2/2024 1:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88343295
By: Jonathan vela
Filed: 6/3/2024 12:00 AM

## CASE NO. 2024-32795

WILLIAM M. WALLS       X    IN THE DISTRICT COURT

VS.

DONALD MARCUS, PATRICK McCULLOUGH    X    OF HARRIS
COUNTY, TEXAS
EDWARD HANLEY, LARS TURNER,
DAVID PUTTY, DANIEL DRISCOLL,
BORIANA FARRAR, WILLIAM CAMERON,
WAYNE FARTHING, EDWARD WASHBURN,
DONALD JOSBERGER, JOHN DRAGONE,
STEVEN WERSE, JOAN HERRINGTON,
EDWARD MORGAN, TIMOTHY GILL,
MARK BLANKESHIP, JOHN SULLIVAN,
ROBERT STEPHENS, JEREMY HOPE,
BOARD OF TRUSTEES OF MASTERS
MATES & PILOTS PENSION, MASTERS
MATES & PILOTS PENSION PLAN and
INTERNATIONAL ORGANIZATION OF
MASTES, MATES AND PILOTS, AFL/CIO    X    133rd JUDICIAL
DISTRICT

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE COURT:

William M. Walls, Plaintiff, files his First Amended Petition

complaining of Donald Marcus, Patrick McCullough, Edward

JUN 1 7 2024

Hanley, Lars Turner, David Putty, Daniel Driscoll, Boriana Farrar, William Cameron, Wayne Farthing, Edward Washburn, Donald Josberger, John Dragone, Steven Werse, Joan Herrington, Edward Morgan, Timothy Gill, Mark Blankenship, John Sullivan, Robert Stephens,

The Board of Trustees of Masters Mates & Pilots Plan, and the Masters Mates & Pilots Pension Plan, hereinafter, collectively, Defendants.

PARTIES

Plaintiff

1. Plaintiff William M. Walls resides at 409 Robmore, Houston, TX 77076 and whose phone number is 281.772.8068 and whose email address is williammwalls@gmail.com and whose last four digits if his SSN is ....2354.

Defendants

2. Defendant Masters Mates Pension Plan (hereinafter, the "Plan") is a multi-employer pension and benefit plan for retired members of the International Organization of Masters Mates & Pilots, AFL/CIO.

3. Defendant Board of Trustees is the governing body of the Plan.

4. Defendant International Organization of Masters Mates &

   Pilots AFL/CIO is a labor organization doing business in Texas.
5. Defendant Donald Marcus is the International President of

   International Organization of Masters Mates & Pilots, AFL/CIO

   and is a Trustee of the Plan.
6. Defendant Patrick McCullough is the Administrator of the

   Plan.
7. Defendant Edward Handley is a Trustee of the Plan.
8. Defendant Lars Turner is a Trustee of the Plan.
9. Defendant David Putty is a Trustee of the Plan.
10. Defendant Daniel Driscoll is a Trustee of the Plan.
11. Defendant Boriana Farrar is a Trustee of the Plan.
12. Defendant William Cameron is a Trustee of the Plan.
13. Defendant Wayne Farthing is a Trustee of the Plan.
14. Defendant Edward Washburn is a Trustee of the Plan.
15. Defendant Donald Josberger is a Trustee of the Plan.
16. Defendant John Dragone is a Trustee of the Plan.
17. Defendant Steven Werse is a Trustee of the Plan.
18. Defendant Joan Herrington is a Trustee of the Plan.
19. Defendant Edward Morgan is a Trustee of the Plan.
20. Defendant Timothy Gill is a Trustee of the Plan.
21. Defendant Mark Blankship is a Trustee of the Plan.
22. Defendant John Sullivan is a Trustee of the Plan.
23. Defendant Robert Stephens is a Trustee of the Plan.
24. Defendant Jeremy Hope is a Trustee of the Plan.

JURISDICTION

25. This Court has jurisdiction of this lawsuit under the

    Employees Retirement and Income Security Act of 1974

    (ERISA) as amended, 29 USC 1132, sections 502(a)1)(B) and

    502(s)(3) and Defendants are doing business in Texas as

defined in Texas Civil Practice and Remedies Code Section 17.041, *et seq.*

FACTUAL ALLEGATIONS

26. Plaintiff has a fully vested 10 year deferred pension of the International Organization of Masters Mates & Pilots ("MM&P), a union representing, inter alia, seaman on ocean-going vessels.  Plaintiff commenced receiving his pension from MM&P in 2009 at normal retirement age and receives $372.44 monthly in retirement benefits from the Plan. On or about June, 2020, the Plan commenced suspending the monthly benefits. Plaintiff commenced corresponding with Defendant Patrick McCullough requesting that the Plan remit Plaintiff's monthly benefit. Over the course of the next year Plaintiff and Defendant McCullough corresponded with each other, resulting in more that 20 letters being sent from June , 2020 through June    2021. Defendant McCullough stated that the monthly benefits were suspended temporarily pursuant to M.M.&P. PENSION PLAN FOURTH RESTATED

REGULATIONS ARTICLE VI APPLICATIONS, BENEFITS AND

RETIREMENT, Section 6.06(c) which states:
Notwithstanding anything herein to the contrary and in addition to the other  requirements described herein, in order to ensure the proper payment of benefits hereinunder and thereby provide adequate protection to the Fund, the Trustees may require Pensioners and Beneficiaries to certify on a periodic basis, including annually, the receipt of benefit payments on such forms and in such manner as prescribed by the Trustees. If a Pensioner or Beneficiary fails to return the executed certification to the Plan Office within the time frame prescribed by the Trustees, the Plan Office may temporarily withhold the payment of benefits until such certification is received by the Plan Office. Upon receipt of such certification, the Plan Office will pay to the Pensioner or Beneficiary any benefit payments temporarily withheld.

Section 6.09(b)-(d) states:

(b) After normal retirement age
      If the Pensioner has attained Normal Retirement Age, his monthly benefit shall be suspended for any month in which he worked or was paid for at least 5 days in "Totally Disqualifying Employment." "Totally Disqualifying Employment" means employment of the type described in paragraph (s)(i) of this Section 6.09.
(c) No Suspension after Required Beginning Date
      No benefits will be suspended pursuant to this Article after a Participant's Required Beginning Date, as defined in Section 6.07(c)(ii).
(d) Definition of Suspension
      "Suspension of Benefits: for a month means non-entitlement to benefits for the month. If benefits were paid for a month for which benefits were later determined to be suspendible, the overpayment shall be recoverable through deductions from future pension payments, pursuant to subsection (g), and in accordance with Section 6.10.

27. Defendant McCullough further stated that Plaintiff's monthly

benefits have been withheld based on Plaintiff's failure to

provide the verified form, as required by Section 6.09(e) of

the Plan Document. Section 6.09(e) of the M.M.&P. PENSION

PLAN FOURTH RESTATED REGULATIONS ARTICLE VI

APPLICATIONS, BENEFIT PAYMENTS AND RETIREMENT (Ed.

Note: as provided Plaintiff by Defendant McCullough) states:
(e) Notices
        (i) Upon commencement of pension payments, or upon a
Participant's attainment of Normal Retirement Age, the Trustees shall
notify the Participant of the Plan's rules governing suspension of
benefits, including identity of the types of work which are considered
disqualifying. Upon resumption of pension payments following
suspension, new notification shall be given to the Participant if there
has been any material change in the suspension rules.
        (ii) A Pensioner shall verify to the Trustee on forms provided by
the Plan Office that he is not working in "Disqualifying Employment."
Such verification shall be required at reasonable intervals to be
determined by the Trustees. Failure to provide such verification may
result in the withholding of benefits until such verification is received.
(iii) A Pensioner shall notify the Plan in writing within 15 days after
starting any work of a type that is or may be "Disqualifying" under
Section 6.09(a), or (b) and without regard to the number of days of
such work (that is, whether or not less than 5 days in a month). If a
Pensioner has worked in such employment in any month and has failed
to give timely notice to the Plan of such employment, the Trustees shall
presume that he worked for at least 5 days in such month any
subsequent month before the Pensioner gives notice that he has
ceased the employment. The Pensioner shall have the right to
overcome such presumption by establishing that his work was not in
fact an appropriate basis, under the Plan, for suspension of his
benefits. The Trustees shall inform all Pensioners at least once every 12
months of the re-employment notification requirements and the
presumptions set forth in this paragraph.
        (iv) A Pensioner whose pension has been suspended shall notify
the Trustees when "Disqualifying: or "Totally Disqualifying
Employment" has ended. The Trustees shall have the right to hold back
benefit payments until such notice is filed with the Plan and the
Pensioner has demonstrated to the Trustees' satisfaction that he is not
working in "Disqualifying" or "Totally Disqualifying Employment".
                (v) A Participant may ask the Trustees whether a particular
        employment will be "Disqualifying" or "Totally Disqualifying." The
        Plan shall provide the Participant with its determination which shall be
        subject to review in accordance with subparagraph (f) below.
                (vi) The Trustees shall inform a Participant of any suspension of
        his benefit by notice given by personal delivery or first class mail
        during the first calendar month in which his benefits are
        withheld. Such notice shall include a description of the specific
        reasons for the suspension, a description and a copy of the

relevant plan provisions, reference to the applicable regulations of the U.S. Department of Labor, a statement of the suspension and a description of the procedures with any necessary forms that must be filed before benefits can be resumed.

28. Plaintiff timely returned the Plan's form executed pursuant to Texas Civil Practice & Remedies Code Sect. 132.001. Plaintiff inquired as to the definition of "temporary" whereupon McCullough stated that the monthly benefits would be suspended indefinitely. Plaintiff traveled to the local MM&P hiring hall to have it's secretary complete the form, but was told by the secretary at the local hiring hall that she was "not a notary". Plaintiff requested the Plan to reimburse him for the services of a mobile notary, which request the Plan refused. Notwithstanding the fact that Plaintiff and Defendant McCullough had been corresponding via the U.S. Postal service, the Plan placed a notice in the MM&P periodical requesting any members with knowledge of the whereabouts of Plaintiff contact the Plan. Notwithstanding the fact that Plaintiff has maintained his address at 409 Robmore, Houston, TX 77076 since 1976, it was not until June,   2021 that the Plan have its local representative travel to Plaintiff's address. Upon notice to Defendant Marcus,

President of the I.O.M.M.&P. and chairman of the Board of
Trustees of the Plan, Marcus commenced corresponding with
Plaintiff through the USPS, emails, and telephonic
communications. Clerical assistants of the Plan also
communicated via voice messaging to Plaintiff. Over the
course of the year's-long correspondence with Defendant
McCullough, Plaintiff made various requests for information
from Defendant McCullough which were refused, or, to a
materially substantial degree, were ignored. In response to
Plaintiff's request for the names and contact information for
the Plan's trustees, Defendant McCullough tardily tendered
an incomplete or outdates list of the Plan's trustees. Plaintiff
became aware of the erroneous information supplied by
McCullough when Plaintiff started receiving correspondence
forwarded to the Trustees identified by McCullough returned
as "undeliverable".  McCullough stated that he wanted a
Zoom hearing with Plaintiff and that Plan counsel would be
attending such Zoom hearing. Plaintiff requested the he be
allowed to communicate with Defendant McCullough without
the Plan's counsel being present during the Zoom hearing,

which Defendant McCullough refused to consent to. Each
Defendant trustee named herein had actual knowledge of
the denial of Plaintiff's retirement benefits, with the facts of
such denial being forwarded to each trustee via the USPS,
certified with return receipt requested. With the sole
exception of Defendant Donald Marcus, no trustee contacted
Plaintiff concerning the denial of Plaintiff's retirement
benefits (although, on information and belief, Trustee Jeremy
Hope visited Plaintiff's residence prior to Plaintiff's Appeal).
Defendant Donald Marcus, via emails, telephone
communication, and written correspondence to Plaintiff,
stated that Plaintiff's retirement benefits would be
suspended indefinitely. Plaintiff requested the denial be set
for appeal by the Board of Trustees. Plaintiff requested that
he be allowed to appear via Zoom; however, Defendant
McCullough refused to allow Plaintiff to appear at the appeal
via Zoom without a valid driver's license confirming
Plaintiff's identity. Ed.'s Note: Plaintiff's driver license is
issued to Plaintiff in his step-father's name so Plaintiff was
forced to appear alternatively, via voice appearance only.

Prio to the Appeal Plaintiff was not afforded the right to review pertinent documents in the possession of the Plan. The appeal was heard on July 2, 2021 and the Plan thereupon forwarded 12 months of retirement payments to Plaintiff's residence via the USPS. Following the appeal Plaintiff requested a transcript of the Appeal but was informed that not transcript was available. At no time did Plaintiff receive a written decision of the Appeal, which written decision to include specific reasons for the decision as well as specific references to the pertinent Plan provisions on which the decision is based, along with a statement that the Plaintiff is entitled to receive, upon request and free of charge, reasonable access to, and copies of all documents, records and other information relevant to the claims, nor a statement of Plaintiff's right to bring a civil action under Section 502(a ) of ERISA with a description of any voluntary appeals procedures offered by the Plan.  On or about June 2, 2023 Kenneth Ryan informed Plaintiff that the "Trustees" had mandated that no pension checks will be distributed without the Plan having receiving a Plan-issued verification. The Plan

has also stated that Plaintiff's pension payments would be abrogated commencing May, 2024.

Damages

29. Plaintiff has suffered, or will sustain, direct damages as a result of the acts, omissions and/or performance of the above-named Defendants.

Declaratory Relief

30. Plaintiff seeks this Court declare the rights, obligations and duties of the parties pursuant to the Plan and applicable Federal Income Security Act (ERISA) as set out above.
Prayer            Plaintiff prays that Defendants be cited to appear and answer herein and that after final trail Plaintiff have such relief as will do justice under ERISA and applicable labor law including;

1. Requiring the Plan to conduct reasonable search for pensioners;
2. Establish rules that Pensioners can communicate with the Plan Administrator without counsel for the Plan Administrator present;
3. Establish reasonable protocols to inform Plan Trustees of their obligations to Pensioners including duties of prompt response;

4. Require appeals to the Board of Trustees to be recorded;
5. Establish reasonable methods for Pensioners to verify

   their status;
6. Establish rules for Pensioners to contact and communicate

   with other Pensioners;
7. Establish reasonable rules for Pensioner's appearance at

   appeals of the Plani Administrator;
8. Establish reasonable penalties for wrongfully withholding

   Pensioner's earned payments;
9. Establishing reasonable rules concerning identification of

   Pensioners;

And for such other and further relief as the Court may find;

Plaintiff prays for general relief.

> Respectfully submitted,
> /s/    William M. Walls
> William M. Walls
> SBN 20795100
> S.D. of Tex. Fed I.D. No. 92287
> 2927 Broadway
> Houston, TX 77017
> 281.772.8068
> williammwall@gmail.com
> Attorney pro se

SERVICE CERTIFICATE. The undersigned certifies that a true copy of the foregoing was served on all parties pursuant to Rule 21a, TRCP.

/s/    William M. Walls

6/12/2024 12:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88720870
By: Britani Mouton
Filed: 6/12/2024 12:38 PM

## IN THE 333RD DISTRICT COURT OF HARRIS COUNTY
## STATE OF TEXAS

WILLIAM M. WALLS,

     Plaintiff,

v.

DONALD MARCUS, *et al.*,

     Defendants.

Cause No. 2024-32795

---

### NOTICE OF APPEARANCE

**NOTICE IS HEREBY GIVEN** in accordance with Tex. R. Civ. P. 120 that

attorneys Nicholas J. Enoch, Clara S. Bustamante, and Margot Veranes, all with the law

firm of Lubin & Enoch, P.C., hereby enter their appearance on behalf of co-Defendants

Donald Marcus, Patrick McCullough, Masters Mates & Pilots Pension Plan [*sic*], and

International Organization of Masters Mates & Pilots, AFL/CIO [*sic*].

DATED this 12th day of June 2024.

/s/ Nicholas J. Enoch
Nicholas J. Enoch, Esq.
State Bar No. 24042618
nick@lubinandenoch.com
Clara S. Bustamante
State Bar No. 24115993
clara@lubinandenoch.com
Margot Veranes
State Bar No. 24138631
margot@lubinandenoch.com
LUBIN & ENOCH, P.C.
221 North Kansas Street, Ste. 700
El Paso, Texas 79901
Telephone:    (915) 585-8008
Facsimile:    (602) 626-3586
ATTORNEYS FOR CO-DEFENDANTS
MARCUS, MCCULLOUGH, THE PLAN
AND THE UNION

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Defendants' Notice has this day been served by e-mail (williammwall@gmail.com) and regular mail by depositing it in the mail prepaid and properly addressed to:

William M. Walls
2927 Broadway
Houston, Texas 77017
Plaintiff *pro se*


/s/ Nicholas J. Enoch, Esq.
2024-6-12 (1260-002) Notice of Appearance.wpd