IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM M. WALLS, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | C.A. No. 4:24cv2284 |
| | § | |
| DONALD MARCUS, et. al. | § | |
| Defendants | § | |

### Plaintiff's Response to Defendant's Motion to Transfer Venue

William M. Walls, Plaintiff herein, responds to the motion to transfer venue filed by Donald Marcus, et. al., Defendants herein, and in support would show that the alleged forum selection clause at issue does not cover Plaintiffs' claims by its plain terms:

### I.
### Objection to "Declaration" of Patrick McCullough

1. The sole evidentiary basis Defendants offer to establish the existence of the alleged forum selection clause at issue is the "Declaration" of Patrick McCullough. However, the "Declaration" reads as follows: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct *to the best of my knowledge, information, and belief*" (emphasis added) (Docket Entry No. 6, Document 6-1, pg. 2). This is the legal equivalent of "as far as I know," which does not constitute legally-sufficient evidence that the Declaration is based on personal knowledge. *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990) ("... best of his knowledge and belief ... was not based on personal knowledge"). Plaintiff therefore objects to and moves to strike the "Declaration" of Patrick McCullough and its attachments as the "Declaration" does not constitute competent evidence, thus Defendants

1

have failed to provide competent evidence of any applicable forum-selection clause and the Court should deny Defendants' motion. *Id.*

## II.
## In any event, the forum-selection clause does not apply to Plaintiff's claims

2. If the Court in fact considers Defendants' purported forum-selection clause, Plaintiff notes that the purported clause by its plain terms covers only "... any action to *enforce* the terms of the Plan ..." (emphasis added). The purported forum-selection clause thus has a much narrower scope than many ERISA forum-slection clauses like the following clause: "[p]ursuant to the terms of the [RGIP], any court action to (a) recover plan benefits or (b) enforce or clarify rights under Section 502 of ERISA[ ] must be commenced within six months after the date of this letter and such action must be brought in the U.S. District for the Central District of Illinois where RGIP is administered." *Mathias v. Caterpillar, Inc.*, 203 F.Supp.3d 570, 573 (E.D. Pa. 2016).

3. Defendants try to avoid discussing the narrowness of the purported forum-selection clause by merely alleging without authority that any suit brought under ERISA is an action to "enforce" (Docket Entry No. 3, pg. 3). Defendants do so merely by quoting portions of the ERISA statute which demonstrate that Defendants have confused subject-matter jurisdiction with venue. Defendants cite ERISA 502(a)(1)(B) which authorizes ERISA actions "... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ..." 29 U.S.C. Sec. 1132(a)(1)(B). As set forth in ERISA and the forum-selection clause in *Mathias*, these are three different types of actions: 1) to recover benefits; b) to enforce rights; and c) to clarify rights to future benefits. *Mathias*, 203 F.Supp.3d at 573. By its plain terms, Defendants' purported forum-selection clause addresses only enforcement actions, not recovery or clarification actions. *Id.*

4. Plaintiff's Complaint seeks declaratory relief to clarify his rights to future benefits, as well as damages to recover any benefits not paid to him after May 2024 (Docket Entry No. 1, First Amended Complaint, pgs. 11-12). These actions constitute recovery and clarification actions, not enforcement actions, and thus do not fall within the plain scope of Defendants' purported forum-selection clause: "The Retirees are not seeking to enforce a breach of contract claim under the merger agreement ... Instead, they seek a clarification of their rights to future benefits under the terms of the retiree program. See 29 U.S.C. § 1132(a)(1)(B) (stating that a civil action may be brought by a participant or beneficiary under ERISA 'to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan')." *Halliburton Co. Benefits Committee v. Graves*, 463 F.3d 360, 375-376 (5th Cir. 2006).

5. Similarly, under ERISA 502(a)(3), an ERISA action may be brought "(A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter." 29 U.S.C. Sec. 1132(a)(3). As with the previous ERISA section, actions seeking injunctive or equitable relief to enjoin or redress ERISA violations are not "enforcement" actions, thus the equitable (reforms rather than damages) declaratory relief Plaintiff seeks (Docket Entry No. 1, First Amended Complaint, pgs. 11-12) does not fall within the plain terms of Defendants' alleged forum-selection clause. *Id.*

6. Plaintiff therefore prays that the Court deny Defendants' motion for transfer venue and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ *William M. Walls*
WILLIAM M. WALLS
SDTX I.D. No.: 92287
Texas Bar No.: 20795100
2927 Broadway
Houston, Texas 77017
Telephone: (281) 772-8068
E-mail: williammwalls@gmail.com

**Certificate of Service**

On this 12th day of July, 2024, a true and correct copy of the foregoing was duly served by eservice to Defendants' counsel of record, Nicholas J. Enoch, Esq., LUBIN & ENOCH, P.C., 221 North Kansas Street, Suite 700, El Paso, Texas 79901. AND OR USPO First Class

/s/ *William M. Walls*